```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION

DONALD SIE PATNELLI,            :
     Petitioner,                :
                                :
vs.                             :
                                :   CIVIL ACTION 06-00649-CG-B
WARDEN DAVID STREIFF, et al.,   :
                                :
     Respondents.
```

## REPORT AND RECOMMENDATION

Donald Sie Patnelli, a native of Liberia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1©). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Patnelli is no longer in ICE custody, having been released pending deportation.

**I.   FINDINGS OF FACT**

1.   Patnelli acknowledges that he is a native of Liberia, that on September 16, 2004, he was ordered removed from the United States as a result of his criminal convictions, and that his appeal of the removal order was pending before the Second Circuit Court of Appeals. (Doc. 1)

2.   Patnelli filed the instant habeas petition on October 10,

2006, arguing that he was being unlawfully detained in custody more than 180 days following the final order of removal. (Doc. 1). Patnelli did not contest the order of removal, but instead sought immediate release from custody and an order enjoining Respondents from any further unlawful detention of his person. (Id.).

3.  Respondents filed their initial Answer to Patnelli's petition on January 5, 2007, and argued that Patnelli's habeas petition was premature because the removal period did not commence until the Second Circuit Court of Appeals dismissed Patnelli's appeal of the removal order on June 8, 2006. (Doc. 14 at 5).  Later, on February 22, 2007, Respondents filed a supplemental response, wherein they advised that Patnelli was released from ICE custody on January 22, 2007, and that his current address is 104 Hawthorn Avenue, Apartment #1, Yonkers, New York, 10701. ((Doc. 18).

**II.     CONCLUSIONS OF LAW**

1.   "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody pending deportation, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or

controversy or, instead, if the petition has become moot. See Id.

2. The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3. Several district courts have determined that where an alien is released from ICE custody pending removal from the United States, "his petition for habeas relief under Zavydas is moot." He, *supra*, 2006 WL 1687796, at *1; see also Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y. 2004) (As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."),

adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D.N.Y. 2004).

4.   In light of the extant case law, the undersigned finds that Patnelli's petition for habeas corpus relief is now moot because there exists no active case or controversy.  Patnelli has been released from ICE custody and is now residing in New York. Thus, this Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from ICE's custody pending his removal from the United States, because this relief has already been afforded him.  Because there is nothing to remedy even if this Court were disposed to do so, this action should be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

### III. CONCLUSION

The undersigned Magistrate Judge recommends that Patnelli's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **1st** day of **May 2007**.

                                          **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Transcript (applicable Where Proceedings Tape Recorded).  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.